# Exhibit 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

FORTRESS CREDIT CORP., ) Index No.: _____
)
Plaintiff, ) Plaintiff designates New York
) County as the place of trial.
v. )
) The basis of venue is a written
) agreement fixing the place of
THAI UNION NORTH AMERICA, INC., ) litigation and trial pursuant to
) CPLR § 501.
Defendant. )
) **SUMMONS**

---

TO THE ABOVE NAMED DEFENDANT:

YOU ARE HEREBY SUMMONED TO ANSWER THE COMPLAINT in this action and to serve a copy of your answer on Plaintiff's attorneys within twenty (20) days after the service of this Summons, exclusive of the day of service, or within thirty (30) days after service is complete if this Summons is not personally delivered to you within the State of New York; and in the case of your failure to appear or answer, judgment will be taken against you for the relief demanded herein.

Dated: New York, New York
October 3, 2024

PROSKAUER ROSE LLP
Attorneys for Plaintiff
11 Times Square
New York, New York 10036
(212) 969-3000

By: /s/ *Michael T. Mervis*
MICHAEL T. MERVIS

TO:  Thai Union North America, Inc.
     2150 E. Grand Avenue
     El Segundo, CA 90245

SUPREME COURT OF THE STATE OF
NEW YORK: COUNTY OF NEW YORK

FORTRESS CREDIT CORP.,

        Plaintiff,

v.

THAI UNION NORTH AMERICA, INC.,

        Defendant.

Index No.:

**COMPLAINT**

Plaintiff Fortress Credit Corp. ("Fortress"), by and through its undersigned attorneys, for its Complaint against defendant Thai Union North America, Inc. ("Thai Union" or "Limited Guarantor"), alleges as follows:

### NATURE OF THE ACTION

1. Fortress brings this action to enforce an unconditional, absolute, and irrevocable guaranty (the "Guaranty") made by Thai Union in connection with a financing agreement (as modified and amended, the "Financing Agreement") by and between, among others, certain lenders ("Lenders") and Fortress (in its capacity as Administrative Agent and Collateral Agent (as those terms are defined in the Financing Agreement)), on the one hand, and certain entities associated with the seafood restaurant chain Red Lobster (the "Borrowers"), on the other hand. A true and correct copy of the Guaranty is annexed hereto as Exhibit 1.

2. In the Guaranty, Thai Union guaranteed payment by the Borrowers of up to $65,000,000.00 (the "Specified Amount") upon the occurrence of certain events specified in the Guaranty.

3. On May 19, 2024, the Borrowers filed for chapter 11 bankruptcy protection in the United States Bankruptcy Court for the Middle District of Florida (the "Bankruptcy Case"), which accelerated their obligation to make all payments due under the Financing Agreement. Following

the filing of the Bankruptcy Case, the Borrowers failed to make the required payments or any portion thereof.

4. On September 6, 2024, the court in the Bankruptcy Case issued an order confirming a chapter 11 plan (the "Confirmation Order"). Although a portion of the debt due under the Financing Agreement was applied to a credit bid in the Bankruptcy Case, more than $89 million remains due and owing following entry of the Confirmation Order, which is well in excess of the Specified Amount. Once again, the Borrowers failed to make the required payments or any portion thereof.

5. The Borrowers' failure to pay triggered Thai Union's obligations under the Guaranty. Accordingly, by letter dated September 16, 2024, and delivered by e-mail on September 17, 2024 and overnight delivery on September 18, 2024 (the "September 16 Letter"), Fortress notified Thai Union of the Borrowers' defaults and demanded payment under the Guaranty. Despite its clear obligations under the Guaranty, Thai Union has failed to comply and is in breach of the Guaranty. Accordingly, Fortress brings this action to enforce the Guaranty and recover the amounts it is entitled to receive from Thai Union.

## THE PARTIES

6. Fortress is a Delaware corporation with its principal place of business at 1345 Avenue of the Americas, 46th Floor, New York, NY 10105.

7. Thai Union is a California corporation with its principal place of business at 2150 E. Grand Ave., El Segundo, CA 90245. Thai Union is a wholly owned subsidiary of Thai Union Group Public Company Limited, based in Thailand.

## JURISDICTION AND VENUE

2

8. This Court has personal jurisdiction over Thai Union and venue is proper in this Court because Thai Union unconditionally and irrevocably consented to any legal action or proceeding arising out of or in connection with the Guaranty being brought in the courts of the State of New York in the County of New York. *See* Guaranty § 10.

9. Thai Union also agreed that the Guaranty is governed by, and would be construed in accordance with, the laws of the State of New York. *Id.* § 13(h).

## FACTUAL ALLEGATIONS

**The Financing Agreement**

10. In the Financing Agreement originally dated as of January 22, 2021, the Lenders agreed, subject to certain conditions, to extend credit to the Borrowers in the form of a term loan in the aggregate principal amount of $275 million.

11. The proceeds of the term loan were intended to be used, among other things, to refinance the Borrowers' existing debt and provide the Borrowers with working capital.

12. In the Financing Agreement (at Section 10.01), Fortress was appointed as the Collateral Agent and Administrative Agent (as those terms are defined in the Financing Agreement).

**Amendment No. 1 and the Guaranty**

13. By an amendment to the Financing Agreement dated as of September 22, 2022 ("Amendment No. 1"), the parties to the Financing Agreement agreed to amend certain of its terms and the Lenders and Fortress agreed to waive certain events of default that had occurred.

14. In connection with Amendment No. 1, Thai Union executed the Guaranty, in which it unconditionally, absolutely, and irrevocably guaranteed payment by the Borrowers of the Guaranteed Obligations (as defined in the Guaranty), up to the Specified Amount, upon ten (10)

3

business days' notice from Fortress of the occurrence of a Guaranty Liability Event (as defined in the Guaranty).

15. Specifically, Section 2(a) of the Guaranty provides, in relevant part:

> The Limited Guarantor (i) ***unconditionally, absolutely and irrevocably guarantees the payment by the Borrowers, within ten (10) Business Days following receipt of notice from the Collateral Agent that a Guaranty Liability Event has occurred, of all Loans and other Obligations under the Loan Documents***, whether for principal, interest, fees, expense reimbursements (including, without limitation, all interest, fees and expense reimbursements that accrue after the commencement of any Insolvency Proceeding of any Borrower, whether or not a claim for post filing interest, fees or expense reimbursements are allowed in such proceeding), commissions, indemnifications or otherwise (such obligations to the extent not paid by the Borrowers, being the "Guaranteed Obligations"), and (ii) ***agrees to pay any and all expenses (including reasonable counsel fees and expenses) incurred by [Fortress] and the Lenders in enforcing any rights under this Guaranty*** (collectively, the "Enforcement Costs").

Guaranty § 2(a) (emphasis added).

16. In turn, Section 2(b) of the Guaranty provides:

> ***Upon the occurrence of a Guaranty Liability Event, the Collateral Agent may declare the Guaranteed Obligations due and payable*** hereunder, in which case, ***the Limited Guarantor shall be obligated to satisfy the Guaranteed Obligations ten (10) Business Days following receipt of notice*** from the Collateral Agent, and [Fortress] and the Lenders shall be ***entitled to enforce all Guaranteed Obligations of the Limited Guarantor hereunder after such due date***.

*Id.* § 2(b) (emphasis added).

17. Pursuant to Section 1(a)(b)(ii) of the Guaranty, a Guaranty Liability Event means the occurrence of an Event of Default (as that term is defined in the Financing Agreement) under Section 9.01(a), 9.01(f), and/or 9.01(g) of the Financing Agreement.

18. In the Guaranty, Thai Union agreed the Guaranty "is a continuing guaranty and shall remain in full force and effect until the Termination Date . . . ." *Id.* § 3(b).

4

19. Section 1(ix) defines the Termination Date as:

> the earliest of the date on which: ***(A) all the Loans and the other Obligations shall have been Paid in Full and the Financing Agreement and the other Loan Documents shall have been terminated*** (other than any terms thereof which are expressly stated to survive termination of the Financing Agreement and the other Loan Documents), ***or (B) the Loan Parties shall have retained both a permanent Chief Financial Officer and Chief Executive Officer, with each such Person's qualifications and experience being reasonably acceptable to the Administrative Agent*** (it being understood and agreed that any such Person who possesses substantial executive level restaurant, retail or consumer experience in the United States shall be deemed reasonably acceptable, and that the Administrative Agent shall not otherwise unreasonably withhold, condition or delay any such acceptance) ***and either (1) the Parent shall have delivered a Compliance Certificate pursuant to Section 7.01(a)(iv) of the Financing Agreement for each of the fiscal quarters of the Parent and its Subsidiaries ending February 26, 2023 and May 28, 2023, in each case, demonstrating compliance with the financial covenant set forth in Section 7.03(c) of the Financing Agreement for the applicable fiscal period*** covered by each such Compliance Certificate ***or (2) the Parent shall have delivered Compliance Certificates pursuant to Section 7.01(a)(iv) of the Financing Agreement for two (2) consecutive fiscal quarters of the Parent and its Subsidiaries, in each case, demonstrating compliance with the financial covenant set forth in 7.03(a) of the Financing Agreement for the applicable fiscal period*** covered by each such Compliance Certificate.

§ 1(ix) (emphasis added).

20. Because none of the above-defined events has occurred, the Termination Date has not occurred and the Guaranty remains in full force and effect.

**Subsequent Amendments to the Financing Agreement**

21. Subsequent to executing Amendment No. 1, the parties to the Financing Agreement entered into two further amendments, dated as of February 29, 2024 and March 29, 2024, respectively.

5

**The Borrowers' Bankruptcy Filing**

22. On May 19, 2024, the Borrowers filed the Bankruptcy Case. *See In re: Red Lobster Management LLC., et al.*, Case No. 6:24-BK-02486-GER (M.D. Fla.).

23. This constituted an Event of Default under Section 9.01(f) of the Financing Agreement. Pursuant to Section 9.01(a), it is also an Event of Default if any Borrower "shall fail to pay, (i) when due (whether by scheduled maturity, required prepayment, acceleration, demand or otherwise), all or any portion of the principal of any Loan . . . ."

24. Section 9.01 of the Financing Agreement provides, in relevant part, that "upon the occurrence of any Event of Default described in subsection (f) . . . of this Section 9.01[,] all Loans then outstanding, together with all accrued and unpaid interest thereon, all fees and all other amounts shall be accelerated and become due and payable automatically and immediately . . . ."

25. Following the above-described acceleration, the Borrowers failed to pay any portion of the amounts due and owing. That constituted an Event of Default under Section 9.01(a) of the Financing Agreement.

26. Following the entry of the Confirmation Order in the Bankruptcy Case, the Borrowers owe more than $89 million under the Financing Agreement.

27. Through the September 16 Letter, Fortress notified Thai Union of the existence of Guaranty Liability Events (as set forth above) and demanded Thai Union pay Fortress, as Collateral Agent, for the benefit of Fortress and the Lenders, (a) the Specified Amount and (b) any and all Enforcement Costs (as defined in the Guaranty), in each case in accordance with the terms of the Guaranty.

28. By letter from Thai Union's counsel dated September 20, 2024, Thai Union took the position that the Guaranty has terminated and is no longer in force or effect. As noted above,

6

Thai Union is wrong; the conditions precedent to the Termination Date have not occurred. To date, Thai Union has failed to pay any portion of the Specified Amount or the Enforcement Costs.

## FIRST CAUSE OF ACTION

### Breach of Guaranty

29. Paragraphs 1 through 28 are incorporated by reference as if fully set forth herein.

30. The Guaranty is a valid and binding contract and is enforceable against Thai Union.

31. The Guaranty is in full force and effect, as the Termination Date has not occurred.

32. Pursuant to Section 2(a) of the Guaranty, Thai Union "unconditionally, absolutely and irrevocably guarantee[d] the payment by the Borrowers, within ten (10) Business Days following receipt of notice from [Fortress] that a Guaranty Liability Event has occurred, of all Loans and other Obligations under the Loan Documents."

33. Guaranty Liability Events have occurred because there have been Events of Default under Sections 9.01(a) and 9.01(f) of the Financing Agreement.

34. By the September 16 Letter, Fortress notified Thai Union of the existence of Guaranty Liability Events and, in compliance with Section 2(b) of the Guaranty, demanded Thai Union pay Fortress, as Collateral Agent, for the benefit of the Fortress and the Lenders, (a) the Specified Amount and (b) any and all Enforcement Costs (as defined in the Guaranty), in each case, in accordance with the terms of the Guaranty.

35. Thai Union has failed to pay any portion of the Specified Amount or the Enforcement Costs.

36. Therefore, Thai Union is in breach of the Guaranty and Fortress, as Collateral Agent, is entitled to enforce its rights thereunder.

7

37. Accordingly, Fortress, as Collateral Agent, is entitled to an award of damages in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Fortress prays for judgment against Thai Union:

(a) Awarding damages in favor of Fortress, as Collateral Agent, against Thai Union in an amount to be determined at trial, plus statutory interest thereon;

(b) Awarding Fortress, as Collateral Agent, its reasonable costs and expenses incurred in this action, including attorneys' fees, expenses, and disbursements; and

(c) Granting such other and further relief as this Court may deem just and proper.

[*Remainder of Page Intentionally Left Blank*]

8

Dated: October 3, 2024              PROSKAUER ROSE LLP

*/s/ Michael T. Mervis*
Michael T. Mervis
Marc C. Palmer
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036-8299
(212) 416-6800
mmervis@proskauer.com
mpalmer@proskauer.com

M. Rina Kim
1001 Pennsylvania Ave., NW
Suite 600 South
Washington, DC 20004
Tel: (202) 416-6800
Fax: (202) 416-6899
Email: rkim@proskauer.com

*Attorneys for Fortress Credit Corp.*