April 21, 2025

**VIA ECF AND EMAIL**

Hon. Mary Kay Vyskocil
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 18C
New York, New York 10007
VyskocilNYSDChambers@nysd.uscourts.gov

   Re: *Fortress Credit Corp. v. Thai Union North America, Inc.*, 1:24-cv-8399-MKV
     (S.D.N.Y. 2024)

Dear Judge Vyskocil:

  Counsel for plaintiff Fortress Credit Corp. ("Fortress") and defendant Thai Union North America, Inc. ("TUNA," and together with Fortress, the "Parties") write pursuant to the Civil Case Management Plan and Scheduling Order entered on February 13, 2025. [ECF No. 15 (the "Scheduling Order").] Pursuant to the Scheduling Order, below the Parties provide their respective positions concerning the potential use of alternative dispute resolution ("ADR") in this litigation.

Fortress's Statement:

  *Fortress's Position*

  Should the Parties engage in ADR, which Fortress would support at the appropriate time, Fortress respectfully submits it should be in the form of mediation facilitated by a privately retained mediator, although Fortress does not object to the forms of ADR preferred by TUNA. With respect to timing, Fortress believes any mediation should take place after the discovery record has been developed and the Parties' experts have been able to form opinions based on that full record.

  As discussed in their February 11, 2025 submission [ECF No. 14 at 3–4], the Parties intend to engage in expert discovery concerning accounting-related issues. That discovery will bear on an issue in this litigation—whether certain conditions necessary to terminate the Guaranty Fortress seeks to enforce have occurred. Accordingly, engaging in mediation after service of expert reports, or at least not before the Parties' experts have had an opportunity to access a full discovery record, will allow the Parties to have productive, evidence-based discussions concerning the merits of the Parties' respective positions on that issue and others.

  *Fortress's Response to TUNA's Belatedly Provided and Improper Statement*

  The Scheduling Order states that, by April 21, 2025, "the parties must file a joint letter about ADR." Fortress provided a short draft of its position statement about ADR last Wednesday. TUNA waited until 11:31 this morning to provide a draft of its statement, which tries to turn this submission into a discovery motion, *literally asking that the Court order relief*, without following the Court's rules.

Hon. Mary Kay Vyskocil
April 21, 2025
Page 2

Specifically, TUNA seeks an order requiring "Fortress to explain, by May 1, 2025, its theory as to why the consolidated EBITDA calculations set forth in the compliance certificates are inaccurate."[1]  This is a discovery issue and TUNA knows it.  Indeed, just last Friday TUNA made a similar demand on Fortress via email, requesting Fortress state by this coming Wednesday "whether Fortress consents to TUNA serving a limited number of interrogatories . . . directed . . . at why Fortress believes that the Consolidated EBITDA . . . was overstated."  Fortress has not yet responded to TUNA's May 18 demand and the Parties have not met and conferred.  Nevertheless, in violation of this Court's rules, TUNA now asks for a discovery ruling in what the Court directed be a "joint letter about ADR."  That alone warrants denial of TUNA's application.

What TUNA really seeks is for Fortress to disclose the results of its pre-suit diligence, which was conducted by a consulting expert at the direction of counsel (*i.e.*, attorney work product).  Fortress has agreed to produce the documents and data that diligence was based on, but Fortress obviously is not bound by the findings of that investigation and is entitled to fully explore its claims in discovery and fully articulate them through expert disclosures.  TUNA's attempt to invade Fortress's pre-suit work product is unwarranted.[2]

TUNA's Statement:

The Scheduling Order requires the Parties "to engage in further settlement discussions prior to the close of fact discovery."  ECF No. 15 at 3.  Those discussions should proceed during fact discovery, before a Magistrate Judge or, alternatively, through the Southern District of New York's Mediation Program.  TUNA respectfully requests that the Court (i) deny Fortress's request to adjourn the ADR process until expert discovery; and, instead, (ii) require Fortress to disclose its basic theory of the case to facilitate more productive, near-term settlement discussions.

The Limited Guaranty at issue here terminates, by its terms, on the earliest date when: (i) certain executives with requisite experience are appointed; and (ii) a Red Lobster entity sends compliance certificates showing that it surpassed set targets for consolidated EBITDA in certain fiscal quarters.  ECF No. 14 at 2-3.  As Fortress initially acknowledged, such executives were appointed, and the requisite compliance certificates were delivered, some time ago.  Nevertheless, Fortress now claims that the executives were not qualified, and the "Compliance Certificates were inaccurate because there was not, in fact, compliance with the financial covenant [concerning consolidated EBITDA]."  ECF No. 14 at 2-3; *see also* ECF No. 1-1 ¶ 20.

The issue for settlement discussions (and the fair adjudication of this case more generally) is that, to date, Fortress has not explained—in any Court filing or in response to repeated inquiries from TUNA's counsel—***why*** it believes the consolidated EBITDA calculations in the compliance

---

[1] TUNA complains that Fortress did not include specific allegations on this point in its complaint.  But TUNA did not move for a more definite statement under Rule 12(e), presumably because *TUNA* was in control of Red Lobster (and the facts) at the time the certificates were created.

[2] In the event the Court is inclined to entertain TUNA's request for a discovery ruling as set forth in this joint letter, Fortress respectfully requests the opportunity to file a substantive response.  Among other things, the requested order for Fortress to disclose its pre-suit work product would neither promote settlement nor reduce the Parties' costs.

Hon. Mary Kay Vyskocil
April 21, 2025
Page 3

certificates were overstated. Rather, Fortress makes only the circular assertion that the consolidated EBITDA calculations were overstated because they were inaccurate and has advised TUNA's counsel that it will not explain how until expert discovery. But this approach inhibits the settlement discussions contemplated by the Scheduling Order. The consolidated EBITDA definition includes over 25 different add-backs and deductions, some of which contain their own sub-parts, rendering it impossible for TUNA to guess what Fortress thinks is wrong. Presumably, in bringing this litigation, Fortress knew why it believed the compliance certificates were inaccurate. Fortress controls Red Lobster, and it had access to, and analyzed information from, Red Lobster before it contested them. Nor is there any burden to disclosing its theory to facilitate settlement discussions; after all, a litigant typically discloses this in the pleading. In other words, even if Fortress wishes to rely on an expert to try to *prove* its case, given its access to information and the allegations it has leveled, it should be able to assess the purported strengths and weaknesses of its case now, which is all that it needs to do to participate constructively in a settlement discussion. In these circumstances, there is no reason for Fortress to seek to adjourn the settlement discussions.[3]

Accordingly, to facilitate a constructive near-term ADR process and potentially reduce both the Parties' expenses and the burden to the Court, TUNA respectfully requests that (i) the Court require Fortress to explain, by May 1, 2025, its theory as to why the consolidated EBITDA calculations set forth in the compliance certificates are inaccurate; (ii) TUNA be given a short time thereafter to evaluate that theory (including based on documents produced related to the same); and (iii) a Court-ordered settlement process be conducted within a reasonable time thereafter.

Finally, Fortress's argument that TUNA's request is effectively a discovery motion has no merit. To be sure, Fortress's refusal to explain why it thinks consolidated EBITDA is inaccurate infects all aspects of this case—it inhibits productive settlement discussions during the fact discovery period, as required by the Scheduling Order, *and* it creates undue burden and unfair prejudice in discovery. Should the Parties not be able to resolve that discovery dispute, TUNA will seek separate relief from the Court at the appropriate time and in accordance with the Court's Individual Rules. But the fact that the non-disclosure creates multiple issues does not transform this into a discovery motion or render the relief requested herein improper.[4]

\* \* \*

The Parties appreciate the Court's continued attention to this matter and, should the Court wish to discuss this matter further, are available at the Court's convenience.

---

[3] The underlying documents concerning the consolidated EBITDA calculation are in the possession, custody, or control of Red Lobster and Fortress. TUNA expects Red Lobster and/or Fortress to commence producing various requested documents soon.

[4] Fortress also complains about the timing of TUNA sharing its portion of this letter. TUNA's section merely reiterates the positions TUNA has taken in the Joint Letter, the Scheduling Order, and in discussions and correspondence with Fortress since February 2025.

Hon. Mary Kay Vyskocil
April 21, 2025
Page 4

Respectfully submitted,

| **PROSKAUER ROSE LLP** | **KOBRE & KIM LLP** |
|---|---|
| /s/ Michael T. Mervis | /s/ Danielle L. Rose |
| Michael T. Mervis | Danielle L. Rose |
| M. Rina Kim | Sophie Lipman |
| Marc C. Palmer | 800 Third Avenue |
| Eleven Times Square | New York, New York 10022 |
| New York, New York 10036 | Tel: +1 212 488 1200 |
| Tel: (212) 969-3000 | Fax: +1 212 488 1220 |
| mmervis@proskauer.com | danielle.rose@kobrekim.com |
| rkim@proskauer.com | sophie.lipman@kobrekim.com |
| mpalmer@proskauer.com | |
| | Calvin K. Koo |
| *Attorneys for Plaintiff* | Champion Tower, 25th Floor |
| *Fortress Credit Corp.* | 3 Garden Road |
| | Central, Hong Kong |
| | Tel: +852 2127 3288 |
| | Fax: +852 2127-3280 |
| | calvin.koo@kobrekim.com |
| | |
| | *Attorneys for Defendant* |
| | *Thai Union North America, Inc.* |