**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:____6/2/2025__

FORTRESS CREDIT CORP.,

                Plaintiff,

      -against-

THAI UNION NORTH AMERICA, INC.,

                Defendant.

~~[PROPOSED]~~
**CONFIDENTIALITY**
**STIPULATION AND**
**PROTECTIVE ORDER**

Civil Action No. 1:24-cv-08399-MKV

      Fortress Credit Corp. and Thai Union North America, Inc. (together, the "Parties") in the above-captioned litigation (the "Litigation") hereby stipulate and request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of non-public and sensitive information disclosed in the Litigation.

      1.     Any person subject to this order (the "Order"), including, without limitation, the Parties and their representatives, agents, experts or consultants, and all non-parties providing discovery in this Litigation, shall be bound by the Order.

      2.     The Order applies to and governs all information, testimony, documents, and all other matter produced or furnished in the Litigation that is designated by a Party or by a non-party to this Litigation (in each case, the "Designating Person") as "Confidential Material" or "Highly Confidential Material" (as defined below) (Confidential Material and Highly Confidential Material together, "Designated Material") pursuant to this Order, including without limitation, deposition testimony (whether based upon oral examination or written questions); answers to interrogatories; responses to requests for admission; documents, information, and things produced in response to

requests for production (including documents, information, and things produced to a receiving Party (in each case, a "Receiving Party") for inspection, whether in the form of originals or copies); and all other discovery taken pursuant to the Federal Rules of Civil Procedure (collectively referred to as "Discovery Material"), as well as pleadings, briefs, memoranda, testimony adduced at trial, materials introduced into evidence, and all other information produced or furnished by or on behalf of any Designating Party that meets the definition of Confidential Material or Highly Confidential Material and has been so designated.

3.      A Designating Person may designate Discovery Material as "Confidential Material" or "Highly Confidential Material" in accordance with the provisions set forth below.

4.      A Designating Person may designate Discovery Material as "Confidential Material" if the Designating Person reasonably believes in good faith that such Discovery Material constitutes or contains non-public proprietary or confidential technical, business, or financial information, or any other information subject to a legally protected right of privacy or other data protection or otherwise of a nature that is protected under Federal Rule of Civil Procedure 26(c). Confidential Material does not include information that (a) at the time of the disclosure hereunder is available to the public; (b) after disclosure hereunder becomes available to the public through no act, or failure to act, by the Receiving Party; or (c) the Receiving Party can show (i) was already known to the Receiving Party through a non-confidential disclosure, it being agreed by Thai Union North America, Inc. that, to the extent it received or exchanged any financial and accounting information with the former operator of the Red Lobster Restaurant chain and/or its auditor(s), such information shall be designated "Confidential" in the Litigation; (ii) was independently developed by the Receiving Party; or (iii) was received by the Receiving Party, after the time of disclosure hereunder, from a non-party having the right to make such a disclosure.

5.      Unless otherwise provided in this Order or subsequent orders by the Court, Confidential Material shall not be disclosed or shown to anyone other than:

a.      Each Party, the individuals responsible for overseeing the Litigation on each Party's behalf, in-house counsel for each Party, and each Party's officers, managers, directors, and employees, with a need to know such Confidential Material for the purpose of assisting each Party with the Litigation;

b.      outside counsel of record for each Party, including persons employed by outside counsel of record for each Party who are charged with assisting in this Litigation;

c.      independent copying service providers and other independent litigation support service providers retained by each Party or by outside counsel of record for each Party in connection with the Litigation;

d.      outside experts or consultants retained by each Party or outside counsel for each Party;

e.      persons who are identified by the relevant document as the author or recipient of such document in the ordinary course of business (or, in the case of meeting minutes, an attendee of the meeting);

f.      any witness (other than those under subparagraph 5(e)) whom counsel for each Party in good faith believes may be called to testify at trial or deposition in this Litigation;

g.      any mediator or arbitrator that the Parties engage in this Litigation or that this Court appoints;

h.      court reporters engaged to transcribe depositions conducted in this Litigation;

     i.     this Court, including any appellate court, and persons employed by this Court; and

     j.     any other person whom the Designating Person agrees in writing may have access to such Confidential Material.

6.     Prior to any disclosure of any Confidential Material to any person referred to in subparagraphs 5(c), 5(d), 5(f), 5(g), or 5(j) above, such person shall be provided by disclosing counsel with a copy of this Order and shall execute the Non-Disclosure Agreement at Exhibit A. Disclosing counsel must retain each signed Non-Disclosure Agreement.

7.     A Designating Person may designate Discovery Material as "Highly Confidential Material" based on the good faith belief that such Discovery Material (i) meets the definition of "Confidential Material"; and (ii) constitutes or reflects information that is, at the time of production, of such a nature that a risk of competitive injury or other harm to a Party would be created if such Discovery Material were disclosed, including but not limited to confidential board-level or competition materials that reflect trade secrets, or sensitive personal information (including personally identifying information).

8.     Unless otherwise provided in this Order or subsequent orders by the Court, Highly Confidential Material shall not be disclosed or shown to anyone other than:

     a.     outside counsel of record for each Party;

     b.     persons employed by outside counsel of record for each Party who are charged with assisting in this Litigation and to whom it is necessary that Highly Confidential Material be shown for purposes of assisting in such work;

     c.     independent copying service providers and other independent litigation support service providers retained by each Party or by outside counsel of record for each

Party in connection with the Litigation, provided that no disclosure shall occur until any such service provider agrees to be bound by the terms of this Order, and has so indicated by executing the Non-Disclosure Agreement at Exhibit A;

d.      outside experts or consultants retained by each Party or outside counsel for each Party, provided that no disclosure shall occur until each expert or consultant has agreed to be bound by the terms of this Order and has so indicated by executing the Non-Disclosure Agreement at Exhibit A;

e.      persons who are identified by the relevant document as the author or recipient of such document in the ordinary course of business (or, in the case of meeting minutes, an attendee of the meeting);

f.      any witness during the course of a deposition, examination, evidentiary hearing, or trial, (i) who is identified by the relevant document as the author or recipient of such document in the ordinary course of business (or, in the case of meeting minutes, an attendee of the meeting), or (ii) if the witness is not an author or recipient, (x) where counsel questioning the witness reasonably and in good faith believes that questioning the witness regarding the document is necessary, (y) where doing so would not cause personal or competitive harm, and (z) the witness shall not be permitted to possess or retain copies of such document;

g.      any mediator or arbitrator that the Parties engage in this Litigation or that this Court appoints, provided that no disclosure shall occur until any such mediator or arbitrator agrees to be bound by the terms of this Order, and has so indicated by executing the Non-Disclosure Agreement at Exhibit A;

h.      court reporters engaged to transcribe depositions conducted in this Litigation;

i.      this Court, including any appellate court, and persons employed by this Court; and

j.      persons who, in addition to those identified above, are permitted access by order of the Court or upon stipulation of the Designating Person, and after such persons have agreed to be bound by the terms of this Order, and have so indicated by executing the Non-Disclosure Agreement at Exhibit A.

9.      Where reasonably practicable, documents shall be designated as Confidential Material or Highly Confidential Material by stamping or otherwise clearly marking every such page (or relevant portion thereof) "Confidential Material" or "Highly Confidential Material" as applicable, in a manner that will not interfere with legibility. Where marking every page or relevant portion of such materials is not reasonably practicable, such as with certain native file documents, the Designating Person shall inform each Receiving Party in writing in a clear and conspicuous manner at the time of production that such material is "Confidential Material" or "Highly Confidential Material," including by providing the relevant Bates ranges where applicable. Where the "Confidential" or "Highly Confidential" material portion of a document is reasonably separable from the non-confidential portion, by means of separately producing the non-confidential portion (using redaction of otherwise) and the Confidential or Highly Confidential portion, only the confidential portion shall be designated as "Confidential Material" or "Highly Confidential Material" (as applicable).

10.     Designated Material shall be used solely as provided in this Order and for the purposes of the Litigation and for no other purpose.

11.     If any question is asked at a deposition that calls for the disclosure of Designated Material, the witness shall answer such question (subject to refusal on grounds of privilege or other

appropriate instruction).  Deposition testimony may be designated as "Confidential" or "Highly Confidential" (as applicable) following the testimony if: (a) such testimony is identified and designated on the record at the deposition; or (b) counsel for the Receiving Party is notified of the designation in writing within thirty (30) days after receipt by the Designating Person of the respective deposition transcript. All deposition transcripts in their entirety shall be treated in the interim as Confidential Material or Highly Confidential Material (as applicable). When Designated Material is incorporated into a deposition transcript, the person designating such information shall arrange with the court reporter not to disclose any information except in accordance with the terms of this Order.

12.    If a deponent refuses to execute the Non-Disclosure Agreement at Exhibit A, disclosure of Designated Material during the deposition shall not constitute a waiver of confidentiality.  Under such circumstances, the witness shall execute the original deposition transcript without exhibits produced by Designating Persons containing Designated Material.

13.    In the event that counsel for either Party determines to use any Designated Material at trial or any hearing to be held in open court, counsel for that Party shall meet and confer with counsel for the Designating Person at least forty-eight (48) hours prior to the scheduled trial or hearing to be held in open court, or in less than forty-eight (48) hours upon agreement by counsel for the relevant Party and Designating Person. The relevant Party's counsel shall notify counsel for the other Party of that meet-and-confer in advance of it. Counsel for the other Party may, but is not required to, join the meet-and-confer. During the meet-and-confer, counsel for the relevant Party and Designating Person shall discuss whether there are ways to protect the Designated Material, such as redaction, stipulation as to facts, and/or any other reasonable means that would not obscure the relevant substantive information in the Designated Material. The inclusion of any

Designated Material on a witness or exhibit list shall satisfy the disclosure obligation of each Party who desires to use or refer to Designated Material, provided the witness and exhibit list is provided at least forty-eight (48) hours before the relevant hearing or trial in open court. If no resolution is reached regarding the use of Designated Material in open court, then the Designating Person bears the burden of requesting relief from the Court.  For the avoidance of doubt, Highly Confidential Material may not be revealed in open court, except in accordance with this paragraph.

14.    Notwithstanding the designation of information as Designated Material in discovery, there is no presumption that such information shall be filed with the Court under seal. Documents may be filed under seal only as provided in the Court's applicable Individual Rules.

15.    If a Receiving Party is served with a subpoena, discovery requests, or an order issued in another litigation, arbitration, or in any other proceeding, which would compel disclosure of any material or document designated in this Litigation as Designated Material, the Receiving Party must, to the extent permitted by law, so notify the Designating Person, in writing immediately and in no event more than three (3) business days after receiving the subpoena, discovery request, or order.

16.    The Receiving Party must also immediately inform in writing the person who caused the subpoena, discovery request, or order to issue in the other proceeding(s) that some or all of the requested materials are the subject of this Order. In addition, the Receiving Party must promptly deliver a copy of this Order to the requesting person in the other proceedings.

17.    If a Receiving Party believes that any Designated Material does not contain confidential information, it may contest the applicability of this Order to such information by notifying the Designating Person's counsel in writing and identifying the information contested. Respective counsel for the Receiving Party and Designating Person shall have thirty (30) days

after such notice to meet and confer in good faith attempting to resolve the issue. The relevant Party's counsel shall notify counsel for the other Party of that meet-and-confer in advance of it. Counsel for the other Party may, but is not required to, join the meet-and-confer. If the meet and confer is unsuccessful, respective counsel for the Receiving Party and Designating Person shall present the issue to the Court for resolution. Information that is subject to a dispute as to whether it is properly designated shall be treated as so designated in accordance with the provisions of this Order until the Court issues a ruling.

18.    Inadvertent failure to designate any material as Designated Material shall not constitute a waiver of an otherwise valid claim of such designation pursuant to this Order, so long as a claim is asserted within fifteen (15) days after discovery of the inadvertent failure. At such time, arrangements shall be made by each Receiving Party to designate the material in accordance with this Order.

19.    Pursuant to Federal Rule of Evidence 502(d), inadvertent disclosure of Discovery Material that any Designating Person contends is subject to the attorney-client privilege, work-product doctrine, or any other privilege or immunity from disclosure ("Produced Privileged Materials") shall not waive any privilege, protection, or immunity otherwise applicable to the Produced Privileged Materials under applicable law. A Designating Person asserting a privilege may request the return or destruction of any Produced Privileged Materials. Any such request shall identify each document that was inadvertently produced and the basis for withholding each such document from production. If a Receiving Party receives any such request, it shall promptly within three (3) business days of such notice gather and return all copies of the Produced Privileged Materials to the Designating Person claiming privilege, or alternatively, shall destroy the Produced Privileged Materials and certify in writing that all copies of the Produced Privileged Materials

have been destroyed. After Produced Privileged Materials are returned or destroyed pursuant to this paragraph, a Party may move the Court for an order compelling production of the Produced Privileged Materials, but no Party may assert as a ground for entering such an order the fact of the inadvertent production or disclosure. Nor may a Party challenging the privilege assertion argue that the diligence or lack thereof of counsel of a Designating Person in producing or disclosing the Produced Privileged Materials or the scope of such inadvertent production or disclosure is a ground for waiver of the privilege. If a Designating Person requests the return or destruction, pursuant to this paragraph, of Produced Privileged Materials then in the custody of the Receiving Parties, the Receiving Parties shall not make further use of the Produced Privileged Materials until such time as the Court has ruled on a motion respecting the privilege objections. While any such dispute is pending, the Produced Privileged Materials at issue will be treated as privileged until the Court rules.

20.    If a Designating Person concludes that certain produced material requires alternative or additional protections beyond those afforded by this Order, the Designating Person and any Receiving Parties shall meet and confer in good faith attempting to resolve the issue and, if unsuccessful, shall present the issue to the Court for resolution.

21.    This Order shall be without prejudice to the right of any person to oppose production of any information or object to its admissibility into evidence.

22.    Within thirty (30) days after the termination of the Litigation (whether by dismissal or final judgment), all persons who received Designated Material shall return the Designated Material, including copies, to the person or counsel from whom it was originally received, or certify in writing that it has undertaken reasonable efforts to destroy such Designated Material. Notwithstanding the above, the Parties' respective counsel shall be permitted to retain a file of all

documents filed with the Court in the Litigation and attorney work product in the possession, custody or control of counsel of record for either Party that reflects or includes information derived from Designated Material.

23.    The Parties acknowledge that the Court retains discretion as to whether to afford confidential treatment to material that was redacted, sealed or designated as Designated Material.

24.    This Order does not alter any confidentiality obligations that any Party or non-party may have at law or under another agreement.

25.    Nothing in this Order shall be construed as an agreement or acknowledgement by the Receiving Party that any Designated Material constitutes a trade secret or is, in fact, confidential or highly confidential.

26.    For the avoidance of doubt, notwithstanding anything to the contrary in the foregoing paragraphs, each Party may use without restriction: (i) its own documents and/or information; and (ii) documents and/or information developed or obtained by a Receiving Party independently of discovery in the Litigation, provided such documents were not obtained in violation of any other confidentiality agreement or obligation, and irrespective of whether such document or information has been designated as Designated Material in the Litigation.

27.    Either Party may move to amend the provisions of this Order at any time upon good cause shown and on notice to the other Party, or the Parties may agree by written stipulation, subject to further order of the Court if applicable, to amend the provisions of the Order.

28.     After the termination of the Litigation, the provisions of this Order shall continue to be binding.

**IT IS SO STIPULATED:**

Dated: April 25, 2025                          Dated: April 25, 2025
     New York, New York                          New York, New York

**PROSKAUER ROSE LLP**                 **KOBRE & KIM LLP**

*/s/ Michael T. Mervis*                         */s/ Danielle L. Rose*
Michael T. Mervis                              Danielle L. Rose
M. Rina Kim                                    Sophie Lipman
Marc C. Palmer

                                               800 Third Avenue
                                               New York, New York 10022
Eleven Times Square                            Tel: +1 212 488 1200
New York, New York 10036                       Fax: +1 212 488 1220
Tel: (212) 969-3000                            danielle.rose@kobrekim.com
mmervis@proskauer.com                          sophie.lipman@kobrekim.com
rkim@proskauer.com
mpalmer@proskauer.com                          Calvin K. Koo
                                               Champion Tower, 25th Floor
                                               3 Garden Road
*Attorneys for Fortress Credit Corp.*          Central, Hong Kong
                                               Tel: +852 2127 3288
                                               Fax: +852 2127-3280
                                               calvin.koo@kobrekim.com

                                               *Attorneys for Thai Union North America, Inc.*

SO ORDERED.

Hon. Mary Kay Vyskocil                          Dated:    June 2, 2025
United States District Judge

12

## **EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| FORTRESS CREDIT CORP., <br><br>                   Plaintiff, <br><br>       -against- <br><br> THAI UNION NORTH AMERICA, INC., <br><br>                Defendant. | **NON-DISCLOSURE** <br> **AGREEMENT** <br><br> Civil Action No. 1:24-cv-08399- <br> MKV |

I, _____, acknowledge that I have read and understand the Confidentiality Stipulation and Protective Order ("Order") in this action governing the non-disclosure of those portions of discovery material that have been designated as Designated Material. I agree that I will not disclose material containing Designated Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery material to the person or counsel from whom I originally received it or certify its destruction to them. By acknowledging these obligations under the Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Order could subject me to punishment for contempt of Court.

Dated:                                      _____
                                                [Signature]